FILED
2013 Jan-14 AM 11:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TONY EUGENE GRIMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:12-cv-01909-LSC-RRA |
| | ) |
| KIM T. THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Tony Eugene Grimes, has filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at W.E. Donaldson Correctional Facility in Bessemer, Alabama. Plaintiff names as defendants Alabama Department of Corrections ("ADOC"), W.E. Donaldson Correctional Facility, ADOC Commissioner Kim T. Thomas, and Warden Cheryl Price. Plaintiff seeks declaratory and injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned

magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321 and 28 U.S.C. § 1915A require this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

Plaintiff lives in general population at W.E. Donaldson Correctional Facility. (Amend. Compl. at 3.) General population inmates are housed in either an open dorm located on the Southside or a two-man cell in the

cellblocks. *Id*. The Southside has 5 dorms and each dorm has 4 toilets. *Id*. There is one toilet and one sink to each two man cell in the cellblocks. *Id*. At the time plaintiff filed the amended complaint, he was housed in a two-man cell in one of the cellblocks. (Amend. Compl. at 6.)

On March 27, 2012, ADOC Commissioner Kim Thomas and Warden Cheryl Price approved contractors to install devices on toilets in the cellblocks of W.E. Donaldson Correctional Facility in an effort to reduce water consumption. (Amend. Compl. at 4.) The device reduces the amount of water that is used when flushing a toilet if a certain amount of water has already been dispensed. *Id*. The device has a black box that contains a timer and electrical wires running to it. *Id*. Once the device reads that a certain amount of water has been dispensed, the device shuts off the water to flush the toilet. *Id*. Specifically, when the toilet in a cell has been flushed twice within 5 minutes, the device shuts off the water so that the toilet will not flush for at least another hour.[1] *Id*. In order to keep the device from shutting off water to the toilet, an inmate must flush the toilet once and then wait for at least 5 minutes before flushing the toilet again. (Amend. Compl. at 5.) The device also reduces the

---

[1] Plaintiff alleges that sometimes the toilet will not flush for up to half a day. (Amend. Compl. at 4.)

amount of water to refresh the water in the toilet. *Id*. Therefore, one flush will not remove all "polluted water" from the toilet. *Id*.

Plaintiff claims that inmates are fed meals at W.E. Correctional Facility that "are tailored to make inmates have bowel movement[s]." *Id*. at 5-6. Plaintiff alleges that after eating such meals, he has bowel movements as if he has taken a laxative or has diarrhea. *Id*. at 6. Before March 27, 2012, plaintiff could flush the toilet so as to have fresh water before or after defecating or urinating. *Id*. After the devices were installed, plaintiff must stay in his cell with feces or urine in the toilet on a daily basis. (Amend. Compl. at 6.) Additionally, plaintiff must use his toilet when it is polluted with feces, urine, or bodily waste. *Id*. Plaintiff claims after eating a meal, he and his cellmate cannot both defecate or urinate without the device shutting off the water. *Id*. at 7. Plaintiff's cellmate informed plaintiff that he has a contagious strain of hepatitis that is present in his feces. *Id*.

Before breakfast, plaintiff urinates and then brushes his teeth and washes his face. *Id*. Plaintiff spits toothpaste in the toilet in consideration of his cellmate who must also use the sink. *Id*. at 7-8. The sinks in the cellblocks do not run water continually as sinks located on the Southside. (Amend. Compl.

at 8.)  Instead, an inmate must keep pressing a button to allow water to flow into the sink to rinse residue.  *Id*.  After plaintiff and his cellmate perform their morning routines at the sink, the device has already shut off the water needed to flush the toilet.  *Id*.

Plaintiff seeks a declaratory judgment that defendants' actions of restricting water to cellblock toilets is a violation of his constitutional rights.  (Amend. Compl. at 10.)   Plaintiff also seeks an injunction prohibiting defendants from restricting water to cellblock toilets.  *Id*.

## DISCUSSION

A. <u>Alabama Department of Corrections & W.E. Donaldson Correctional Facility</u>.

Plaintiff names the Alabama Department of Corrections as a defendant. However, it is well settled that the Eleventh Amendment to the United States Constitution bars § 1983 claims in federal court against the state or an agency of the state.  *Alabama v. Pugh*, 438 U.S. 781 (1978); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).  As the Supreme Court has stated:

> [T]here can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937).  Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, sec. 14, of the Alabama Constitution, which provides that "the State of Alabama shall never be made a defendant in any court of law or equity."

*Alabama v. Pugh*, 438 U.S. at 782. Accordingly, plaintiff cannot maintain a § 1983 action against the Alabama Department of Corrections and his claims against this defendant are due to be dismissed.

Additionally, a state prison facility generally is not considered a legal entity subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). Therefore, plaintiff's claims against W.E. Donaldson Correctional Facility are also due to be dismissed.

B.    **Defendants Thomas & Price.**

    1.    Eighth Amendment – Conditions of Confinement.[2]

---

[2] Plaintiff attempts to also bring claims concerning the conditions of his confinement under the Fourteenth Amendment's Due Process Clause. (Amend. Compl. at 9.) "Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). Since plaintiff is a convicted prisoner, his conditions of

To the extent plaintiff alleges that Commissioner Thomas and Warden Price have subjected him to unsafe and unsanitary living conditions in violation of the Eighth Amendment by restricting water to cellblock toilets, such claims are due to be referred to the undersigned magistrate judge for further proceedings.

2. Fourteenth Amendment – Equal Protection.

Plaintiff claims that defendants have violated his Fourteenth Amendment right to equal protection by placing the devices only on toilets in the cellblocks as opposed to all living quarters within the prison.

To allege a cognizable claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on some constitutionally protected interest such as race, religion, or national origin. *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Moreover, to establish an equal protection violation, a

---

confinement claims will be analyzed under the Eighth Amendment and his Fourteenth Amendment claims concerning the same are due to be dismissed. However, the applicable standard is the same for claims involving the mistreatment of pre-trial detainees and convicted prisoners whether brought under the Eighth or Fourteenth Amendments. *See Daniel v. U.S. Marshal Serv.*, 188 Fed. App'x 954, 961-62 (11th Cir. 2006); *see also Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) (citing *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996)).

plaintiff must establish the existence of intentional or purposeful discrimination. *See Whitus v. Georgia*, 385 U.S. 545, 550 (1967).

Plaintiff does not allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on some constitutionally impermissible basis. Therefore, plaintiff's Fourteenth Amendment equal protection claim is due to be dismissed for failing to state a claim upon which relief can be granted.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that plaintiff's claims against the Alabama Department of Corrections and W.E. Donaldson Correctional Facility be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). The magistrate judge further RECOMMENDS that plaintiff's Fourteenth Amendment due process and equal protection claims against Defendants Thomas and Price be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). Last, the magistrate judge RECOMMENDS that plaintiff's Eighth Amendment conditions of confinement claims against Defendants Thomas and Price continue.

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 14th day of January, 2013.

_____
Robert R. Armstrong, Jr.
United States Magistrate Judge